IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 5:07-1253 |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Melvin Wright, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Melvin Wright ("Defendant"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed the within § 2255 motion on January 3, 2011. ECF No. 278. On February 3, 2011, the United States of America (the "Government") filed a response and a motion for summary judgment. ECF Nos. 281 & 282. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on February 4, 2011, advising Defendant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 283. Defendant filed a reply to the Government's response on March 7, 2011. ECF No. 285.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted with a co-defendant, Michael Anthony Darby, on October 17, 2007. ECF No. 1. The Government filed a superseding indictment on December 19, 2007. ECF No. 51. The superseding indictment charged that between 2003 and 2007 Defendant and Darby participated in a conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 ("Count 1"); and that on December 1, 2006, Defendant and Darby possessed with intent to distribute and distributed 5 grams

or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 ("Count 2").[1]  Defendant proceeded to trial on December 17, 18, and 19, 2008.

At trial, the Government presented evidence that law enforcement orchestrated a controlled buy involving Darby on November 30 and December 1, 2006.  A confidential informant, Keesha Nicole Williams, testified for the Government that she made arrangements with Darby to purchase one ounce of crack cocaine in exchange for $850.00.  ECF No. 202 at 7-8 & 102.  Williams testified that Darby instructed her to meet him at Defendant's residence to retrieve the crack cocaine.  *Id.* at 20.  Audio and video surveillance presented at trial established that Williams traveled to Defendant's mobile home, where she waited outside in her vehicle.  *Id.* at 22-28.  Williams testified that Darby eventually arrived at Defendant's residence and went inside.  *Id.* at 27.  According to Williams, Defendant completed the transaction by bringing her the crack cocaine and retrieving the $850.00 in cash.  *Id.* at 28.  Williams testified that, shortly thereafter, she met with law enforcement and produced the crack cocaine that she purchased from Defendant.  *Id.* at 202.

Defendant's and Darby's trial counsel cross-examined Williams about her personal and financial motivations to serve as a confidential informant for law enforcement, *id.* at 55; inconsistencies between the biographical information she provided to law enforcement in 2006 and her direct testimony, *id.* at 47 & 57-59; and inaccuracies in her testimony about the sequence of events that occurred on December 1, 2006, *id.* at 67-68.  Defendant's and Darby's trial counsel cross-examined law enforcement witnesses about various shortcomings in their investigative and

---

[1] Darby was also charged with a separate count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C), as well as using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

surveillance techniques, including that law enforcement was unsuccessful in its effort to obtain visual imagery, either photographic or video, of Defendant selling Williams crack cocaine on December 1, 2006. ECF No. 303 at 3-8, 12-13, 21-26, 32-36, 47-51, 67-73.

The Government produced two witnesses who at the time of trial were in the custody of the Bureau of Prisons serving sentences for drug offenses. One of those witnesses was a prisoner named Stacey Shannon. Shannon testified that between 2003 and 2007 he sold Defendant at least 5 kilograms of cocaine. *Id.* at 136. Shannon also testified that he sold cocaine to Darby during this period and that on several occasions he sold Defendant and Darby drugs while they were in the presence of one another. *Id.* at 127-136.

The jury found Defendant guilty as to Count 2, and not guilty as to Count 1. ECF No. 175. Darby was found guilty on both counts. *Id.* On December 23, 2008, Defendant filed a motion for judgment of acquittal, or in the alternative a new trial, as to Count 2. ECF No. 183. The court denied Defendant's motion on April 20, 2009. ECF No. 222. On January 4, 2010, Defendant was sentenced to a 168-month term of imprisonment. ECF No. 250. Defendant did not file an appeal.

## II. DISCUSSION

Defendant raises five grounds for relief in his § 2255 motion:

**Ground one**: Inadequate notice that the Government intended to use Defendant's two prior felony drug convictions to enhance his sentence pursuant to 21 U.S.C. § 851.

**Ground two**: Confidential informant's testimony lacked credibility.

**Ground three**: Sufficiency of the evidence to sustain a conviction.

**Ground four**: Imposition of an unreasonable sentence under 18 U.S.C. § 3553(a).

>    **Ground five**: Prejudicial effect of Stacey Shannon's testimony concerning past drug dealings with Defendant.

ECF No. 228. Defendant raised an additional ground for relief in his response to the Government's motion for summary judgment, which the court will consider:

>    **Ground six**: Ineffective assistance of counsel.

ECF No. 285 at 16.

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a defendant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. RULES GOVERNING SECTION 2255 PROCEEDINGS 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

As a general rule, when a prisoner attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the prisoner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v.*

*Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891–92 (4th Cir. 1994)). To show that a denial of the § 2255 motion would result in a miscarriage of justice, the prisoner must show actual innocence. *Mikalajunas*, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. *Bousley v. United States*, 523 U.S. 614 623–24 (1998). A "prisoner[] asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks omitted).

By contrast, a prisoner may bring an ineffective assistance of counsel claim in a § 2255 proceeding whether or not he raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**A.  *Grounds One-Five***

Defendant does not dispute that he failed to raise grounds one through five on direct appeal, nor does he allege cause for defaulting on his claims. Rather, Defendant claims the court should proceed to the merits of his § 2255 motion, despite his procedural default, because he is actually innocent. The court finds that Defendant has not produced sufficient evidence to sustain a claim of actual innocense. Defendant proffers no new evidence pointing to his innocense but, instead, relies on testimony that his attorney elicited from the Government's witnesses at trial in order to discredit the Government's case. Without new evidence, Defendant cannot sustain his claim of actual innocense. Because the court does not find that a miscarriage of justice would result from dismissing

grounds one through five due to procedural default, the Government's motion for summary judgment is granted as to those grounds.

**B.** *Ground Six*

Defendant contends that his trial counsel was constitutionally ineffective in three respects: 1) trial counsel failed to explain the advantages of testifying at trial and, instead, advised Defendant not to testify, ECF No. 285 at 16; 2) trial counsel failed to object to the testimony of Stacey Shannon as inadmissible under Rule 404(b) of the FEDERAL RULES OF EVIDENCE, *id.*; 3) trial counsel failed to challenge the credibility of the Government's confidential informant witness, or otherwise discredit the Government's evidence, *Id.*

To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A defendant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694.

**1.** *Trial Counsel's Decision to Advise Defendant Not to Testify*

A defendant in a criminal trial has a constitutional right to testify on his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 51–53 (1987). Although "it is the defendant who retains the ultimate authority to decide whether or not to testify," *United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991), trial counsel is obligated to inform the defendant of his right to testify. *See Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). However, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.' " *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983)).

Defendant does not contend that trial counsel failed to inform him of his right to testify on his own behalf or that counsel prevented him from testifying. Rather, Defendant contends that his attorney failed to explain to him the advantages of testifying and advised against him testifying. Defendant offers the court no reason to conclude that counsel's advice not to testify was unsound, nor would such advice be evidence of ineffective assistance. Even assuming Defendant's attorney refused to allow him to testify and that this refusal rendered counsel constitutionally deficient, under the *Strickland* test, Defendant must show that the outcome of his trial would have been different had he testified. Defendant has made no attempt to show how his testimony would have affected the outcome of his trial. Accordingly, this basis for Defendant's ineffective assistance of counsel claim lacks merit.

### 2. *Trial Counsel's Failure to Object to Testimony Regarding Prior Instances of Drug Dealing*

Defendant asserts that trial counsel should have objected under Rule 404(b) of the FED. R. EVID. to the admissibility of Shannon's testimony that between 2003 and 2007 he sold cocaine to Defendant and Darby. Defendant contends that, because the court would have found that Shannon's testimony was inadmissible evidence of Defendant's "prior bad acts," counsel's failure to object rendered his performance constitutionally deficient. Defendant's analysis of the admissibility question that underlies his constitutional claim is misguided. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, Shannon's testimony was not evidence of Defendant's prior bad acts because it pertained to drug dealing that occurred between 2003 and 2007, the time frame of the conspiracy charged in the indictment. Because Shannon's testimony was relevant to the type and quantity of drugs attributable to the charged conspiracy, rather than to "other crimes, wrongs or acts," any objection based on Rule 404(b) would have been non-meritorious. Trial counsel's failure to raise a non-meritorious objection does not give rise to a claim of ineffective assistance of counsel.

### 3. *Trial Counsel's Failure to Discredit the Government's Evidence*

Defendant contends that his trial counsel failed to challenge the credibility of the confidential informant or otherwise discredit the Government's evidence. This assertion is contrary to the trial record. Upon review of the record, the court finds that counsel, both Defendant's and Darby's, cross-examined the Government's witnesses and successfully elicited testimony that cast doubt on the credibility of the confidential informant and revealed limitations in the investigative techniques employed by law enforcement. Defendant identifies no issue in the Government's case-in-chief that

trial counsel neglected to explore through cross-examination of the Government's witnesses. Accordingly, the court finds no error in trial counsel's performance that gives rise to a claim of ineffective assistance of counsel.

### III.  CONCLUSION

For those reasons, Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.  The Government's motion for summary judgment is **GRANTED**.

### *Certificate of Appealability*

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this matter, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Senior United States District Judge

Columbia, South Carolina
April 19, 2013

9